McBride, judge,
delivered the opinion of the court.
This was an action of debt brought in the Platte circuit court, in the name of Platte county, to the use of James H. Johnston, against Frederick Marshall, the county treasurer, and his securities, the other defendants, to recover the penalty given by the ninth section of the act concerning county treasurers, for the refusal of the treasurer to pay a warrant drawn by the county court in favor of Johnston.
The declaration, after setting out the bond and its condition, assigns three breaches :
1. The presentation to the treasurer, at the county treasury, on the 2d July, 1844, of a county warrant of the same date, drawn upon the county expenditure fund, in favor of Johnston, the relator, for $78 09, and a demand of payment thereof upon the treasurer, with his neglect and refusal to pay the same to the relator.
2. The second count is the same as the first, with the exception that the presentation was made at Platte City, in Platte county, instead of at the treasury, and the additional averment, that the treasurer endorsed on the warrant, presented and no money in the treasury. '
3. The third count is the same as the second, except that the presentation is alleged to have been made to the treasurer without specifying at what place.
The declaration concludes with an averment that, at the time of the presentation of the warrants, there was $600 in the treasury appropriated to county expenditures, and applicable to the payment of the warrants, and sufficient for that purpose: and that Marshall, “ at the time the bond sued on was executed,—at the time the warrants were presented for payment, was, and still continues to be, treasurer of the county.”
The defendant pleaded three pleas : 1st. Non est factum. 2d. Nil debet. 3d. That the alleged three warrants are one and the same warrant, and when presented there was no money in the treasury applicable to its payment; and also gave notice of special matter : that at the time the warrant was presented, the county was indebted to him for services as treasurer in the sum of $400, and in the further sum of $274 as the owner by assignment of a county warrant of the 5th September, 1843, transferred to him on the same day.
The plaintiff took issue on the first and demurred to the second and third pleas, and the court sustained the demurrer to the second, but overruled it as to the third plea.
' On the trial of the cause before the court setting as a jury, the plain *92 tiff read in evidence Marshal’s official bond of the 6th September, 1841; also an order of the county court of the 3d July, 1843, allowing Johnston $78 for his services, and directing a warrant to issue on the county expenditure fund for the same ; and also the warrant on the treasury of the same date for the sum of $78 09, with an endorsement thereon of the 2d July, 1844, in the handwriting of Marshall, and signed by him, “ presented and no money in the treasury; ” likewise the books and settlements of the treasurer from 1843 to 1845, for the purpose of showing the amount of money in the treasury applicable to the payment of county expenditures.
The defendants gave in evidence the order of the county court of the 3d July, 1844, allowing Marshall, for his services in keeping and disbursing the county funds, $140 06, to be paid out of the county expenditure fund; also the order of August, 1844, allowing Marshall the further sum out of said fund of $50, for keeping and disbursing the school fund; and also gave in evidence the county warrant of the 5th September, 1843, in favor of H. M. Riley, for $274, payable out of the county expenditure fund, with the assignment thereon endorsed to Marshall, on the same day.
The plaintiff thqn read in evidence two erased receipts endorsed on the Riley warrant, ojie of the 4th October, 1843, for $111 53, and the other of the 5th Marbh, 1847, for $95, and an erased entry in the handwriting of Marshall, in the treasurer’s books of the 4th October, 1843, crediting the treasurer with $111 53 paid on the Riley warrant.
This being all of the evidence pertinent in the cause, the defendants asked the court to declare certain propositions submitted by them, as the law of the case, but the court refused. The court found for the plaintiff. The defendants moved for a new trial, and in arrest of the judgment, and the motions having been overruled, they excepted and appealed to this court.
This case'has heretofore been before this court, and is reported in the 10 Mo. Rep. 346. The questions now presented were not then before the court, but arise on the pleadings ; we shall consider them in their order.
1. The plaintiff having demurred to the third plea of the defendants, the effect of his demurrer is to reach back to the declaration; for if the plea be defective, and the declaration also defective, the demurrer should be overruled as to the plea. It is a well established principle in pleading that a demurrer to any of the subsequent pleadings brings up the question of sufficiency of the pleadings which have preceded the *93 demurrer, for the court will not give a party judgment who was the first to commit an error. 1 Chitty’s PI. 707.
The declaration alleges that “ Marshall was at the time said writing obligatory, was executed (6th Dec., 1841,) at the time said warrant was presented by the said relator (2d July, 1844) and refusal of payment thereof made as aforesaid, and still continues to be treasurer of said county of Platte.” Then, from the date of the bond to the time of presenting the certificate, nearly three years had elapsed, within which time one or more individuals may have been appointed and acted as county treasurer. If so, the facts averred in the declaration may be true, and yet the securities on the bond of 1841 would not be liable. It is the duty of the pleader to exclude by averment every reasonable doubt of his right to recover. It may be inferred, from the averments in the declaration, that Marshall was, at the time when the warrant was presented for payment, acting under his appointment of the 6th December, 1841, but it would be a mere inference, which might or might not be correct. If, however, no other objections existed to the pleadings, we would hesitate to reverse the judgment on this point.
2. The third plea of the defendants presented a bar to the plaintiffs recovery ; at least, it was so adjudged by the circuit court, in overruling the plaintiffs demurrer to the plea. The plaintiff not having obtained leave to withdraw his demurrer and file a replication to the plea, it amounts to an election on his part to stand on the demurrer, and judgment should have been rendered for the defendants thereon. How then is the plaintiff to have judgment ? It would be an anomaly in judicial proceedings for one party to have a judgment upon the law, and the other party to have a judgment upon the facts of the case. The defendants, by the pleadings, were clearly entitled to a judgment, the law having been found for them by the court; consequently, it was futile in the court to try the cause, and error to render judgment after the trial for the plaintiff.
As this case will be remanded, it may not be amiss to notice an instruction asked by the defendant and refused by the court. It is as follows :
3. That Marshall had a right to retain in his hands the amount' of the warrant he purchased of the witness, Riley, that was due said Marshall at the time said warrants were presented to him, before he was bound by law to pay off said warrants or any parts thereof.
This instruction should have been given, not on the principle of offset, as held in the first and second instructions, but as a disbursement of so *94 much of the county funds in the hands of the treasurer, provided it was applied by the treasurer in that way.
For the foregoing reasons, the judgment of the circuit court ought to be reversed, and, judge Scott concurring, the same is reversed and the cause remanded.
Napton, judge.
Upon the second and third points noted by the court, I do not concur. That the court might have entered judgment upon the demurrer against the plaintiff, is clear, but this was not done; and the trial of the issue presented by the third plea is sufficient to show that the case was proceeded in as though a replication had been filed and an issue made up.
The instruction complained of is, no doubt, law, but there was no evidence in the case to which it could be applied. It was proved that Marshall held up the Riley warrant and was charging interest upon it long after the period when the plaintiff’s warrant was presented. It was perfectly immaterial, then, what might be Marshall’s right to retain money upon the warrant he purchased of Riley, inasmuch as he did not do so, and there was no evidence tending to show that he did. On the contrary, the endorsement of the receipt of interest on this warrant, long after the plaintiff presented his, is conclusive to show that it was not so liquidated.